1  AARON J. MOHAMED (SBN 245915)
   BRERETON, MOHAMED, & TERRAZAS, LLP
2  1362 Pacific Avenue, Second Floor
3  Santa Cruz, CA 95060
   Tel: (831) 429-6391
4  Fax: (831) 459-8298
   ajm@brereton.law
5

6  Attorney for Plaintiff,
   ISABELLA CISNEROS
7

   THE UNITED STATES DISTRICT COURT FOR THE STATE OF CALIFORNIA
8
   NORTHERN DISTRICT- SAN JOSE DIVISION
9

| Isabella Cisneros, Administrator of the Estate of Jose Cruz Cisneros<br><br>vs.<br><br>Yellow Corporation, and Does 1-50 | DOCKET NO.<br><br>**COMPLAINT FOR NEGLIGENCE, INTEREFERENCE WITH ERISA RIGHTS, AND BREACH OF FIDUCIARTY DUTY (ERISA §§ 502(A), 502(A)(3), & 510 (29 U.S. CODE § 1132))** |
|---|---|

Comes now Plaintiff Isabella Cisneros, Administrator of the Estate of Jose Cruz Cisneros (deceased), who is informed and believes, and based thereon alleges as follows:

**I.     INTRODUCTION**

1. Plaintiff Isabella Cisneros is bringing this action arising out of a denial of claim for benefits by her father, Jose Cisneros.

2. Yellow Corporation is a corporation incorporated in the State of Delaware.

3. Jose Cisneros worked for the Yellow Corporation for over 30 years. He worked as a terminal manager, and had a vested pension with Defendant.

4. Jose Cisneros was diagnosed with cancer in December 2020, and his health rapidly declined.

---

COMPLAINT
1

5.  Following his diagnosis, Jose filed a workers compensation claim with the belief that his cancer was a result of his exposure to chemicals and exhaust on the job.

6.  From the beginning of 2021, Jose Cisneros, with the assistance of his ex-wife, Karen Cisneros, made multiple inquiries of the Defendant's human resources department personnel seeking information about his employment benefits to understand all the options available to him during his illness.

7.  Notwithstanding the close communication Jose and his family had with Yellow Corporations Human Resources Department, Defendant failed to provide material information to Jose regarding his pension plan options.

8.  Defendant also failed to provide Jose Cisneros with a benefit election form in a timely manner.

9.  Defendant had a duty to provide all material information relating to his pension benefit and to timely provide the benefit election form.

10. By the time Jose finally received his benefit election form, he only had days left to live.

11. Jose submitted his benefit election form to Defendant on July 5, 2021.

12. On July 7, 2021, Jose Cisneros died.

13. On August 9, 2021, Defendant indicated no pension benefit was payable from the Plan because Jose had not commenced his pension benefit and was not survived by an eligible surviving spouse.

14. Plaintiff is also and informed and believes that because Jose's illness which caused him to take a leave of absence, as well as his workers compensation claim, that Defendants' actions and omissions were taken adverse to Jose and discriminatory in nature to prevent him from receiving his pension benefit.

15. After Yellow Corporation denied the claim for benefit, Plaintiff pursued an informal review and an internal appeal, which confirmed the denial of the claim to benefits.

16. Plaintiff seeks a judgement against Defendants and appropriate relief for their negligence, interference with ERISA rights, and breach of fiduciary duty to Jose Cisneros.

Defendant should be ordered to pay Plaintiff the pension amount originally claimed by Jose Cisneros before his death.

## II. IDENTITY AND CAPACITY OF PARTIES

17. Jose Cisneros was an employee of Yellow Corporation for over 30 years. Jose Cisneros was a participant of the Yellow Corporation pension plan. Jose Cisneros is now deceased. His interest in this action is brought by the administrator of his estate.

18. At all times herein concerned, Plaintiff Isabella Cisneros is and has been an individual with California citizenship, residing in the State of California, County of Santa Cruz. She is the biological daughter of Jose Cisneros, and the administrator of his estate (see Letters of Administration attached hereto as **Exhibit A**).

19. At all times herein concerned, Defendant Yellow Corporation is a corporation incorporated in the State of Delaware, and doing business in California. Yellow Corporation was Jose Cisneros's for over 30 years, and the pension plan administrator.

20. Defendant Yellow Corporation was previously known as YRC Worldwide, Inc., and Yellow Roadway Corporation. They have also done business as YRC Freight.

21. The true names and capacities of Defendants Does 1-50 are unknown by Plaintiff at this time who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believe and based thereon allege that each of the defendants designated as a Doe herein are responsible in some manner or form for the actions and events alleged herein.

22. Plaintiff is informed and believe and based thereon alleges that, at all times herein concerned, each of the said Defendants was an agent and/or employee of each other co-Defendant, and in doing the acts and omissions as alleged herein, each Defendant ratified and approved the actions of said co-Defendant.

## III. JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT

23. At all times herein concerned, Plaintiff is and has been a citizen of the State of California, residing in the County of Santa Cruz, California.

24. Plaintiff is informed and believes and thereon alleges that, at all times herein concerned, Defendant Yellow Corporation is and has been a corporation headquartered in the State of Kansas and doing business in the State of California.

25. The amount in controversy in this matter exceeds $75,000.

26. The United States District Court has jurisdiction over this matter according to the diversity of citizenship as between Plaintiff and defendant in this matter (28 USC §1332).

27. The United States District Court has jurisdiction of civil claims arising under ERISA (29 USC §1132).

28. A substantial part of the events giving rise to this action took place in Santa Cruz County, California within the jurisdiction of the United States District Court for the Northern Division of California. Further, ERISA § 502(e)(2) (29 USC §1132) provides a lawsuit filed under ERISA may be brought in the district where the breach took place, which in this case, is Santa Cruz County, California. Venue is proper in the Northern California District Court, according to 28 USC § 1391(b)(2) and 29 USC §1132.

29. San Jose is the proper Division for assignment of this action according to Civil L.R. 3-2(c), (e).

IV. FACTUAL BACKGROUND

30. This matter concerns the events leading up to the claim for pension benefits by Jose Cisneros, and the subsequent denial of such benefits.

31. The denial of this claim was proximately caused by Defendant's negligence, interference of ERISA rights, and breach of fiduciary duty.

32. Jose Cisneros worked for the Defendant since January 1986 until his passing on July 7, 2021.

33. Defendant, Yellow Corporation offered at least some of its employees a pension as a benefit of their employment. Yellow Corporation administered the pension plan and acted as fiduciary of the plan by and through its employees, including but not limited to the benefits administrative committee named in the pension plan.

34. Under the terms of his employment, Jose Cisneros had a pension benefit, which had long been vested at the time of his passing. A true and correct copy of the Yellow Corporation Pension Plan is attached hereto as **Exhibit B**. As such, Jose Cisneros was a participant under the pension plan.

35. Yellow Corporation closed participation in the pension many years ago, and Jose Cisneros was among the last remaining few who could and should have been afforded this benefit.

36. Upon his illness, Jose Cisnero took leave from work beginning October 18, 2020. He subsequently went on short term disability (STD) leave and Family Medical Leave Act (FMLA).

37. In December 2020, Jose Cisneros was diagnosed with cancer and his health declined rapidly.

38. In February 25, 2021, Jose Cisneros was notified by Defendant that he was being put on a leave of absence from work.

39. Also, suspecting that his illness was a result of his exposure to chemicals and exhaust on the job as a terminal manager, Jose submitted a claim for workers compensation benefits.

40. Beginning January 2021, Jose Cisneros, with the assistance of his ex-wife, Karen Cisneros, got in close contact with Defendant's Human Resources Department to determine what benefits were available to him given his terminal illness and the resulting inability to work.

41. Defendant had knowledge and a clear understanding of Jose Cisneros' serious illness and condition. It was the primary subject of conversation between Karen Cisneros and Defendant's Human Resource Department while Jose Cisneros was on leave. Also, Defendant was provided all Jose Cisneros's medical records because of the workers compensation claim.

42. So, Karen Cisneros, on Jose Cisneros's behalf, spoke regularly with Defendant's head of Human Resources Department, Patricia Ford.

43. Apparently recognizing Jose's need for assistance, Patricia Ford communicated freely with Karen Cisneros about Jose Cisneros's employment and benefits.

44. Based on information given to them by Patricia Ford, Jose Cisneros and Karen Cisneros believed they took all action to ensure Jose would not lose his pension benefit.

45. When Karen Cisneros inquired with Patricia Ford about Jose Cisneros's pension benefit and termination of employment, she did not receive a response from Patricia Ford except for that "her job ended with human resources." Patricia Ford relayed Karen to Defendant's Pension Service Center.

46. Defendant knew that Jose Cisneros and Karen Cisneros were no longer married, and that Jose Cisneros was single. As such, Defendant knew that Jose Cisneros did not have an eligible spouse who may be able to claim pension benefits.

47. Defendant knew that without an eligible spouse that there was no survivorship benefit to Jose Cisneros's pension *unless* Jose Cisneros made an alternative election.

48. Defendant had a duty to explain the pension benefit to Jose Cisneros, including the timing constraints relating to distribution and corresponding survivorship benefits; but they did not.

49. Neither Patricia Ford or anyone at Defendant's Pension Service Center, even when asked by Karen Cisneros, explained the timing or survivorship provisions of the pension benefit distribution options to Jose or Karen Cisneros.

50. By evading Karen Cisneros's questions about Jose Cisneros's pension, Defendant appeared unwillingly to clarify the pension distribution rules.

51. What Jose Cisneros reasonably believed was that once Defendant received his retirement kit that his pension distribution was secured for him or his heirs.

52. Defendant had a duty to explain to Jose Cisneros that only he could receive a lump sum distribution; but they did not.

53. Had Jose Cisneros been advised that only he could receive a lump sum distribution, then he would have elected a distribution option that could be allowed to his estate.

54. Defendant had a duty to explain to Jose Cisneros that he must survive the commencement date, otherwise the pension benefit would be lost; but they did not.

55. Had Jose Cisneros been advised that he must survive the commencement in order not to lose the pension benefit, he would have claimed a pension distribution sooner.

56. When Karen Cisneros ordered the retirement kit in early June 2021, she was assured it would arrive within 2 weeks.

57. After 30 days, Jose Cisneros did not receive the retirement kit.

58. Defendant had a duty to promptly send information in connection to the plan, including the retirement kit, but they did not.

59. When Karen Cisneros called to re-request the retirement kit, Defendant claimed Karen Cisneros could not make the request, but had to be made directly by Jose Cisneros. Yet, this was not required when Karen Cisneros requested the retirement kit the first time.

60. Jose Cisneros, who was very ill and feeble by this point, called and requested the retirement kit which arrived a few days later.

61. Jose Cisneros completed the benefits elections form promptly upon receiving it, and faxed and overnight mailed in on July 5, 2021. A true and correct copy of his benefits election form is attached hereto as **Exhibit C**.

62. But had Jose Cisneros received the retirement kit sooner, he would have completed and submitted it to receive his pension distribution sooner.

63. After sending in his retirement kit, it was Jose Cisneros's understanding that his pension benefit was secured, and that if he did not survive the date his pensions check arrived in the mail that his estate would receive the distribution.

64. Jose Cisneros died on July 7, 2021.

65. That same day, without knowledge of Jose Cisneros's death, Defendant sent a letter to Jose Cisneros indicating that he had exhausted his FMLA entitlement, and any further absences may subject him to disciplinary action, including termination.

66. Plaintiff is informed and believes that Defendant posed obstacles to Jose Cisneros's pension benefit because of his illness, his leave of absence, and workers compensation claim. In other words, Defendant was generally reluctant to honor Jose Cisneros's pension because he was already taking advantage of other benefits, in which he was entitled.

67. Also, shortly after Jose Cisneros's passing, Yellow notified Karen Cisneros that they did not receive Jose Cisneros's benefit election form.

68. Karen Cisneros then reached out to Patricia Ford about the status of the benefit election form. Patricia Ford relayed Karen Cisneros to a different employee of Yellow, who indicated they received Jose Cisneros's benefit election form, it was processed on July 5, and the pensions distribution had been scheduled. But upon hearing of Jose Cisneros's death, the woman remarked how sad it was, that Jose "just missed it." And that no distribution would be made, to anyone.

69. Plaintiff sought an informal review and an internal appeal of the denial to Jose Cisneros's claim to pension benefits.

70. Defendant's response to Plaintiff's appeal was to uphold the denial of benefits. The basis of their denial is that Jose Cisneros did not terminate his employment and his benefits had not yet commenced. Further, no benefits are payable because Jose Cisneros was not survived by an "eligible spouse."

71. Simply, Jose Cisneros predeceased the termination of his employment and the commencement date for his benefits.

72. Note, the date of termination and the date for the commencement of benefits were preprinted on the benefits election form provided by the Defendant. The termination date was set for August 31, 2021, and the commencement date for the benefit was September 1, 2021.

73. Through their negligence, interference, and breach of fiduciary duties to Jose Cisneros, Defendant caused Jose Cisneros and his family to lose a benefit he was entitled to enjoy after over 30 years of service to Defendant.

**FIRST CAUSE OF ACTION**
**Negligence**
**(Against All Defendants)**

74. Plaintiff hereby realleges and incorporates the foregoing allegations contained in this Complaint.

75. Defendant was the employer of Jose Cisneros for 30 years and served as a fiduciary in connection with the administration of the pension plan.

76. Defendant owed Jose Cisneros a duty to disclose to him all material facts about his pension and to promptly provide information and forms to Jose Cisneros in connection with his pension benefit.

77. Defendant breached their duty to Jose Cisneros by failing to disclose all the material facts relating to Jose Cisneros's pension, his claim for distribution, death benefit options, and timing of distribution.

78. Defendant breached their duty to Jose Cisneros by failing to timely provide information and forms to Jose Cisneros in connection with his pension benefit.

79. As a direct and proximate result of the Defendants breaches, Jose Cisneros did not receive sufficient information or materials in order to submit his claim for benefits to him and his family to enjoy.

80. As a result of Defendants' negligence, Jose Cisneros and his estate was denied the pension benefit in the amount of $124,168.65.

**SECOND CAUSE OF ACTION**
**Interference with ERISA rights**
**(Against All Defendants)**

81. Plaintiff hereby realleges and incorporates the foregoing allegations contained in this Complaint.

82. Defendant took adverse action against their employee, Jose Cisneros, by failing to disclose material facts about his pension plan, by failing to timely provide information and forms to Jose Cisneros to claim his pension, and imposing obstacles to be able to understand and obtain the benefit.

83. Defendant's actions were taken or omitted for the improper discriminatory purpose of interfering with Jose Cisneros's rights to his pension benefit because of Jose Cisneros was seriously ill, on a leave of absence because of his illness, and had a claim for workers compensation benefits. Instead of honoring Jose Cisneros's decades of work by

allowing him to take his pension distribution and enjoy all the benefits he was entitled to take, Defendant's position was that Jose Cisneros should be subject to disciplinary action due to his absence.

84. Defendant's general reluctance to honor the pension benefit to Jose Cisneros and cooperate in providing material information to him interfered with Jose Cisneros's ERISA right to claim his pension benefit.

**THIRD CAUSE OF ACTION**
**Breach of Fiduciary Duty**
**(Against All Defendants)**

85. Defendant Yellow Corporation is the plan fiduciary by and through its employees and its benefits administrative committee that administers the plan.

86. Jose Cisneros was a plan participant.

87. Defendants' failure to provide material information to the participant about the pension plan is a breach of fiduciary duty.

88. Defendants' failure to timely provide forms to the participant to claim his pension benefit is a breach of fiduciary duty.

89. Defendants breached their fiduciary duty to administer the plan fairly and properly.

90. Defendants breached their fiduciary duty by misleading Jose Cisneros about obtaining his benefits.

91. Defendants breached their duty by failing to inform Jose Cisneros his rights in connection with his benefits.

92. Defendants breached their duty by failing to ensure that all forms were sent to participant, and ensure that they were correctly completed and submitted.

93. Jose Cisneros realized a cognizable loss, in the amount of $124,168.65 as a result of the Defendant's breaches of duty.

94. Defendants should pay the plan benefits Jose Cisneros would have received but for their breaches of fiduciary duty.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff hereby requests that the court issue Judgement in this matter, and grant the following relief:

1. For a Judgement, in favor of Plaintiff and against Defendant; and,
2. For equitable surcharge against Defendant in the amount of the pension benefit of $124,168.65, plus interest thereon.
3. For attorney's fees and costs of suit; and,
4. For all such other and further relief that the court my find to be just and proper.

Dated: August 7, 2023

*Aaron J. Mohamed*
BRERETON, MOHAMED, & TERRAZAS, LLP
1362 Pacific Avenue
Santa Cruz, California 95060
By: Aaron J. Mohamed, Esq.
Attorneys for Isabella Cisneros, Administrator for the Estate of Jose Cruz Cisneros